**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTOS R. VALENZUELA et al. on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GIUMARRA VINEYARDS CORPORATION, and DOES 1 to 50 inclusive,<br><br>        Defendants. | CIV-F-05-1600 AWI SMS<br><br>**ORDER SETTING A HEARING AND BRIEFING SCHEDULE** |

    Two groups of plaintiffs, both seeking to represent class actions, are suing Giumarra on largely the same legal grounds. Giumarra, in opposition to a motion for discovery, stated that "The court should therefore require the plaintiffs to file all discovery requests jointly in both cases against Giumarra. Further, this case should be consolidated with the Munoz case against Giumarra, so that the parties need only file one scheduling report and a common discovery plan." Civ. Case No. 05-1600, Doc. 103, Opposition to Motion to Compel, at 2:8-12. The court agrees with Giumarra that these issues need to be addressed at this point.

    Fed. R. Civ. Proc. 42(a) states, "If actions before the court involve a common question of law or fact, the court may....(2) consolidate the actions." In the Ninth Circuit, consolidation appears to merge the cases for all purposes. See Huene v. United States, 743 F.2d 703, 705 (9th Cir. 1984). The court seeks the input of the parties as to how consolidation should proceed.

Specifically, should the two complaints coexist or should they be merged into a new complaint? The fact that the two groups of plaintiffs are represented by different attorneys will greatly complicate discovery. It is abundantly clear that the plaintiffs will soon seek class certification. Forcing Giumarra to respond to two sets of likely duplicative requests is inefficient and problematic. The court seeks the parties' views and legal briefing on how this problem should be resolved. Some possibilities are the appointment of interim class counsel per Fed. R. Civ. Proc. 23(g)(3); straightforward appointment of permanent class counsel per the guidelines of Fed. R. Civ. Proc. 23(g)(2) even in advance of a formal motion for class certification; or an agreement between the plaintiffs' attorneys to join forces in prosecuting the case. To be clear, the court is seeking the parties' views and briefing on how the litigation should be organized. The court will not appoint any lead counsel or oust any attorneys at the hearing on June 29, 2009; briefing by any party on which attorney should represent the class would be unwelcome at this point. The various plaintiffs' attorneys will be given an opportunity to make their case at a later time, contingent on how consolidation and discovery coordination are resolved.

The three parties are invited to file a brief on these issues by 4 PM on May 29, 2009. They are also invited to file a response to other parties' filings by 4 PM on June 17, 2009. On Monday June 29, 2009 at 2:30 PM, the court will hold a hearing on these matters. All discovery is suspended pending the hearing.

IT IS SO ORDERED.

**Dated:   May 4, 2009**                                      **/s/ Anthony W. Ishii**
                                                      CHIEF UNITED STATES DISTRICT JUDGE