1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                    **EASTERN DISTRICT OF CALIFORNIA**

8

9   **SANTOS R. VALENZUELA et al.,**            )        **CIV-F-05-1600 AWI SMS**
                                                )
10                   **Plaintiffs**,             )        **ORDER SETTING BRIEFING**
                                                )        **SCHEDULE FOR APPOINTING**
11       **v.**                                 )        **INTERIM CLASS COUNSEL**
                                                )
12  **GIUMARRA VINEYARDS**                       )
    **CORPORATION, and DOES 1 to 50**            )
13  **inclusive,**                               )
                                                )
14                   **Defendants**.             )
    _____    )
15

16

17          In these cases (05-1600 and 09-0703), two groups of allied attorneys are both seeking to

18  represent the same class of agricultural workers who were employed by Defendant Giumarra.

19  One group consists of Mallison & Martinez; Weinberg, Roger & Rosenfeld; and Milberg LLP

20  ("Mallison Group").  The other consists of McNicholas & McNicholas; Kingsley & Kingsley;

21  Bush, Gottlieb, Singer, Lopez, Kohanski, Adelstein & Dickinson; and Marcos Camacho

22  ("McNicholas Group").  The court ordered all parties (McNicholas Group, Mallison Group, and

23  Giumarra) to file briefing concerning possible consolidation of the cases and how to proceed

24  with representation of the class action.  All parties agree that the cases should be consolidated

25  under Fed. R. Civ. Proc. 42(a) as they involve common questions of law and fact.  In the

26  previous Order, the court suggested that the McNicholas and Mallison Groups could try to come

27  to an agreement to jointly prosecute the case.  The Groups have undertaken negotiations to that

28  end, but no agreement could be reached.  The McNicholas Group asks the court to appoint one of

                                                **1**

1  the two groups as class counsel.  The Mallison Group asks the court to impose a working

2  arrangement whereby the two Groups work together with the McNicholas Group as lead counsel.

3      Under such circumstances, the best solution is to consolidate the cases and appoint

4  interim class counsel under Fed. R. Civ. Proc. 23(g)(3). See <u>Allen v. Stewart Title Guar. Co.</u>, 246

5  F.R.D. 218 (E.D. Pa. 2007); <u>Levitte v. Google</u>, 2009 U.S. Dist. LEXIS 18198 (N.D. Cal., Feb.

6  25, 2009).  The court has no desire to continually police a working arrangement imposed upon

7  multiple attorneys.  As the attorneys are already affiliated into two Groups, the court assumes that

8  they will continue to be allied in the present configurations.  Each Group is expected to name one

9  liaison counsel through which all communication with Defendant will be conducted, avoiding

10  miscommunication between the parties. See <u>Four In One, Inc. v. SK Foods</u>, 2009 U.S. Dist

11  LEXIS 28657, *11 (E.D. Cal. Mar. 19, 2009).  The factors the court will consider in appointing

12  interim class counsel are the same as those for appointing permanent class counsel under Fed. R.

13  Civ. Proc. 23(g). See <u>Parkinson v. Hyundai Motors America</u>, 2006 U.S. Dist. LEXIS 59055, *5-6

14  (C.D. Cal., Aug. 7, 2006).  The court specifically requests that the two Groups "propose terms for

15  attorney's fees and nontaxable costs."  Fed. R. Civ. Proc. 23(g)(1)(C).  In a case arising out of the

16  Northern District, the competing attorneys were asked to "specify[] the percentage of any

17  recovery such firm will charge as fees and costs in the event that a recovery for the class is

18  achieved. An applicant may specify alternate contingent events and the corresponding

19  percentages to be charged. If so, the applicant shall also provide an estimate of the amount of

20  recovery at each contingent event and the basis for that estimate." <u>In re Oracle Sec. Litig.</u>, 131

21  F.R.D. 688, 697 (N.D. Cal. 1990).  The more detailed the information provided (considering the

22  consequences of both trial and settlement) the better.  If they wish, the Groups may file the

23  information concerning financial remuneration under seal.  Determining which Group would be

24  able to achieve maximal recovery for the class will be one part of the court's analysis.

25      The Mallison and McNichols Groups must file materials they wish the court to consider

26  by 4PM, Wednesday, August 5, 2009.  The court will thereafter provide a written order;

27  discovery remains suspended pending that order.  Once interim class counsel is appointed and the

28  cases are consolidated, Plaintiffs will be given the opportunity to file an amended complaint that

1    embraces both cases in preparation for a motion on class certification.

2

3    IT IS SO ORDERED.

4    **Dated:    July 16, 2009                                    /s/ Anthony W. Ishii**
                                              CHIEF UNITED STATES DISTRICT JUDGE

3